UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LARRY K. SAUVE,           )
                          )
    Plaintiff         )
                          )
v.                        )   2:11-cv-00456-GZS
                          )
KEVIN JOYCE,              )
                          )
    Defendant         )

**RECOMMENDED DECISION**
**28 U.S.C. § 2254**

Larry Sauve has filed an amended petition pursuant to 28 U.S.C. § 2254 challenging his underlying conviction in PORSC-CR-2008-02285, in which he raises the following grounds: (1) the trial court improperly enhanced his conviction by relying upon prior convictions that were not constitutionally sound; (2) the Maine statute on Terrorizing is unconstitutional; (3) his *nolo contendere* plea was invalid because his ineffective counsel coerced him into entering the plea and his medication was not available to him prior to his trial date; and (4) the State's post-conviction remedies were insufficient for Sauve's purposes and he was never able to avail himself of those remedies. Sauve remains "in custody" under the prior conviction because he is currently awaiting hearing on a motion to revoke his probation. I now recommend that the Court deny his petition.

**PROCEDURAL HISTORY**

The State has moved to dismiss this challenge to Sauve's April 24, 2009, conviction in the State Superior Court, claiming that any federal constitutional challenges to that conviction have long since been procedurally defaulted. Sauve never appealed from that conviction and never sought any other possible state review. He filed this petition on November 29, 2011, well

over a year after the conviction became final. However, Sauve remains on probation and is apparently currently incarcerated on a motion to revoke his probation based on the same underlying conviction. Based on the record assembled by the State and Sauve and the docket records in the state court, I have pieced together the following record of events.

Sauve was charged in the state court with two counts of Terrorizing in violation of 17-A M.R.S. § 210(1)(A), a Class D crime without prior conviction enhancements. Based on the docket entries from State of Maine v. Larry Sauve, No. PORSC-CR-2008-02285, and an exhibit filed by Sauve (Doc. No. 10-1), it appears that on February 3, 2009, Sauve's court-appointed attorney filed a motion in limine seeking to delete evidence of prior convictions from the indictment because Sauve was unrepresented by counsel at the time of those convictions. The docket reflects that on February 4, 2009, the State filed a motion to amend the "complaint" striking the allegation of prior offenses. However, the copy of the motion to amend filed by Sauve indicates that the State amended the indictment by *adding* the allegations to Count II and not deleting anything. (Doc. No. 10-2.) The docket entries for April 24, 2009, indicate that the motion to amend was granted on February 4, 2009, and the motion in limine rendered moot, although a review of the transcript of Sauve's sentencing suggests the motion was essentially denied by the court because it allowed two of the prior convictions for sentence enhancement purposes.

Sauve was convicted on two counts of Class D, Terrorizing and sentenced to three years in the custody of the Department of Corrections, with all but 18 months suspended, followed by probation for two years. The two sentences were ordered served concurrently. Pursuant to 17-A M.R.S. § 1252(2)(D) the normal sentence for a Class D crime is a definite period of less than one year, although pleading and proving two or more prior Chapter Nine offenses against the person,

such as assault or criminal threatening, can raise the sentencing classification one class higher than it would otherwise be. Id. § 1252 (4-A). In Sauve's case the prior convictions would result in Class C crimes, with a potential sentence of up to five years. Sauve has filed a transcript of the sentencing hearing of April 24, 2009, which helps to explain the procedural posture of the case. (Doc. No. 4-17.)

At the time of sentencing Sauve's counsel indicated that at the Rule 11 proceeding the Court had reserved the issue of whether or not at least two of the four alleged priors would qualify for sentence enhancement purposes. (See April 17, 2001, Arraignment and Initial Appearance Tr., Doc. No. 4-6; October 22, 2004, Arraignment Tr., Doc. No. 4-9 (transcribing pleas giving rise to prior convictions).) By the time of the sentencing, two transcripts had been produced involving prior convictions, but there was no evidence as to the third assault conviction because no transcript or docket entry evidence could be obtained. Additionally, defense counsel conceded that one of the prior convictions could be used because Sauve's sentence had only been a fine and, whether or not he was represented by counsel or had waived his right to counsel, was constitutionally irrelevant in that case. (April 24, 2009, Sentencing Tr. at 2-3, Doc. 4-17.) After considering the circumstances of the pleas to the prior offenses, the Court concluded that Sauve had the requisite two prior offenses. (Id. at 15.) The Court noted that it understood that Sauve might well want to appeal his ruling. (Id.) There is no evidence an appeal was ever filed.

The docket reflects that by July 6, 2010, Sauve was back in the Superior Court on the first motion to revoke his probation. He was sentenced to serve nine additional days of imprisonment and the conditions of his probation were slightly modified. On August 26, 2010, the second motion for probation revocation was filed. The defendant was released on a bond. Before the second motion had been resolved, a subsequent motion for probation revocation was

3

filed on October 14, 2010, and a warrant was requested on that date.[1] That warrant remained pending for some time and apparently the defendant was ultimately extradited from Alaska[2] and next appeared in Maine's courts on July 19, 2011. In October 2011 the Court ordered a competency report prepared and the competency evaluation was filed on November 18, 2011. As of January 11, 2012, when the docket sheet was printed and filed in this Court, Sauve remained incarcerated awaiting resolution of the motion to revoke probation.

I have also reviewed a docket sheet from the Supreme Judicial Court detailing Sauve's attempts to obtain common law habeas corpus relief on the state court level. Commencing in December 2011 Sauve filed four separate petitions for common law habeas relief in the state courts. The petitions sought to challenge the earlier convictions upon which the enhancement was based in the 2008 terrorizing conviction. The petition was dismissed, subject to Sauve's right to appeal from any future conviction in which his sentence is enhanced because of the convictions he seeks to challenge, or in any appropriate post-conviction review proceeding.

## DISCUSSION

As relevant to Sauve's petition, 28 U.S.C. § 2244 provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] It appears likely, based on subsequent events, that the modification of the motion for probation revocation had to do with Sauve's whereabouts being unknown.

[2] Sauve's sojourn in Alaska is further explained in <u>Sauve v. Joyce</u>, 2:11-cv-00349-JAW, an action brought pursuant to 42 U.S.C. § 1983 against various correctional officials seeking injunctive relief and compensatory damages. The complaint alleges denial of access to library facilities since Sauve's return from Alaska and during his present incarceration at the Cumberland County Jail. His grievances in that case date from the August 2011 time period and do not offer any explanation or excuse for the failure to pursue remedies in 2009 or 2010 in connection with the underlying conviction in this case.

4

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Sauve never filed a direct appeal of his April 24, 2009, judgment and sentence and by the operation of Maine law, his conviction became final when the time for seeking direct appeal elapsed on May 15, 2009, twenty-one days after the entry of the judgment pursuant to Rule 2(b)(1)(2)(A) of the Maine Rules of Appellate Procedure. Only subsection A applies here; none of the other subsections of Section 2244(d) is remotely applicable to Sauve's situation.

Sauve's primary argument is that the one-year statute of limitation should be tolled based upon the doctrine of equitable tolling. In his own words, Sauve describes the situation as follows:

> Let's go back now to the State's first contention that the Petitioner, Sauve is time barred by the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(1)(A)(2) and the Petition pursuant to 28 U.S.C. § 2254 should be dismissed. This is a seemingly fair ascertainment and equitable tolling on its face but the Court must consider the extraordinary circumstances that caused the delay in filing the Petition. (Akins v. United States, 204 F.3d 1086.) Sauve has diligently pursued this matter and to be heard *since his arrest.*

(Pet.'s Response in Opp'n to Resp.'s Mot. to Dismiss at 3, Doc. No. 10 (emphasis added)). Sauve continues by recounting the post-July 2011 inadequacies of the Cumberland County jail law library and his December 2011 efforts to obtain extraordinary relief from the Supreme Judicial Court by utilizing long abolished common law habeas proceedings. None of these events relates to the time period between May 2009 and May 2010 when no proceedings were

5

pending in the state courts and the federal AEDPA statute of limitations was running with regard to any federal claims Sauve wanted to assert regarding the underlying Terrorizing convictions. In order to toll the federal statute of limitation, Sauve would have had to initiate "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" during the one-year period after the judgment became final. 28 U.S.C. § 2244(d)(2). Under Maine law he had an opportunity to do so. He had a one-year limitation period under 15 M.R.S. ch. 305-A in order to initiate post-conviction review of certain of his claims, as enumerated in 15 M.R.S. § 2125, primarily his claims of ineffective assistance of counsel. No petition for any post-conviction review was ever filed in the state court until October 25, 2011, when Sauve filed four *pro se* petitions for writ of common law habeas corpus in the Superior Court, aimed at attacking the underlying convictions that served as the basis for the felony enhancement in PORSC-CR-2008-02285.

If the Court chooses to view Sauve's petition as a non-time-barred challenge to the Maine Supreme Judicial Court's December 9, 2011, order dismissing Sauve's common law habeas petition directed at his four earlier convictions, two of which were used to enhance the 2009 Terrorizing convictions, Sauve fares no better. The Court dismissed Sauve's petition on two independent and adequate state law grounds. First, the common law writ of habeas corpus has been replaced by a comprehensive statutory post-conviction review procedure at 15 M.R.S. § 2121 *et. seq*. Second, as the sentencing judge made clear at the time of his determination, the validity of the sentence enhancement could have been raised on direct appeal. (April 24, 2009, Sentencing Tr. at 15, Doc. 4-17; see also Dec. 9, 2011, SJC Order Dismissing Petition, Sauve v. State of Maine, No. SJC-11-4, Doc. No. 4.) Ordinarily, a state prisoner such as Sauve must first exhaust all the remedies available in the State court before bringing a constitutional claim to

6

federal court. 28 U.S.C. § 2254(b)(1)(A). The adequate and independent state ground doctrine furthers that objective because, without it, "habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court." Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (quoting Coleman v. Thompson, 501 U.S. 722, 732 (1991)). Sauve has done exactly so, defaulted his claims in state court through his own conduct during the 2009-2010 time period, and he cannot attempt to revive those claims now in this Court by attempting to cloth them in new garb based upon the denial of a common law habeas remedy.

### CONCLUSION

For the reasons stated above, I recommend that the Court deny Sauve relief under 28 U.S.C. § 2254, with prejudice, and dismiss the petition. I further recommend that a certificate of appealability should not issue in the event Sauve files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated: March 7, 2012    /s/ Margaret J. Kravchuk
                        U.S. Magistrate Judge